**IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>**
*Southern Division*

|  |  |
|---|---|
| **Wilman Ortega** | * |
| Plaintiff, | * |
| v. | * Case No.: PX-16-2694 |
|  | * |
| **Choice Stairways, et. al** | * |
| **Defendants.** | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Wilman Ortega (Plaintiff) and Defendants Choice Stairways, Inc., Kenneth T. Cleaver and Juan David Lopez, (collectively, "Defendants"), jointly move for approval of a settlement agreement. Plaintiff filed this action alleging that Defendants denied him overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq*. ECF No. 1.

The Court has reviewed the Complaint, the parties' Joint Motion for Approval of Settlement Agreement, and the Settlement Agreement and Release. ECF No. 7. For the reasons explained below, the Court finds that *bona fide* disputes exist under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes, and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Leigh v. Bottling Group, LLC*, No. DKC 10-0218, 2012 WL 460468, at * 4 (D. Md. Feb. 10,

2012); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. BACKGROUND

Plaintiff Ortega worked for Defendants as an hourly employee in the manufacturing and distributing operations on a reoccurring basis between May 2014 and and July 22, 2016. ECF No. 1 at ¶¶ 10-11. Plaintiff alleges that he was denied overtime wages during this time period for hours worked in excess of forty hours per work week. *Id.* ¶¶ 12-16.

Plaintiff filed the initial Complaint on July 26, 2016. The parties engaged in early and fruitful settlement negotiations. ECF No. 7-1 at 6. On August 29, 2016, the parties submitted the Joint Motion for Settlement Approval. *Id.*

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d. 404, 407 (D. Md. 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*,

679 F.2d at 1355 (emphasis added). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 30 F. Supp. 3d. at 408 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B.  *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinkernoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, defendants expressly denied liability in response to Plaintiff's complaint and make no admissions of liability. Whether Plaintiff is entitled to overtime wages as a covered employee under the FLSA is a fact-specific inquiry that is frequently at the heart of FLSA litigation. *See, e.g.*, *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006).   Further, the parties also agree that *bona fide* disputes exist with regard to awarding exemplary damages under the MWPCL. ECF No. 7-1 at 4.  Accordingly, this factor is satisfied.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or

>through failure to object; and (6) the probability of plaintiffs'
>success on the merits and the amount of the settlement in relation
>to the potential recovery.

*Lomascolo*, 2009 WL 3094955, at *10. Here, the request for attorney's fees demonstrate that the parties devoted appropriate time to settlement negotiations. ECF No. 7-1. For example, the parties exchanged quickly after suit informal discovery and participated in prompt, efficient discussions. *Id*. at 5. Thus, the parties had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to trial of this case." *Lomascolo*, 2009 WL 3094955 at *11.

No evidence suggests that the parties engaged in any fraud or collusion in the settlement. Under the settlement agreement, Plaintiff will receive $11, 604.41, which includes total recovery for lost overtime and 80% of his maximum possible recovery of liquidated damages under the MWPCL. *Id.* at 4. "In light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013) (citation and internal quotation marks and brackets omitted).

Finally, although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 30 F. Supp. 3d. at 410. Considering all of the above, the Court finds that the proposed settlement is fair and reasonable.

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiffs have been represented by Roberto N. Allen, Esq. ECF No. 7-1 at 6. Mr. Allen has been admitted to the bar for over eighteen years and billed in this case at a rate of $425 per hour for time spent on investigation, case preparation, and settlement negotiations. The total amount in attorney's fees accrued by Plaintiff's counsel in this litigation was $2,975. *Id*. While the rate charged is at the high end of the range set forth in Appendix B of this Court's Local Rules, it is nonetheless presumptively reasonable. Plaintiffs' counsel also reduced his fees by more than 20%. *Id*. The Court, therefore, finds the attorney's fees and costs (an additional $400) to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement is GRANTED.

A separate Order shall issue.


Dated: August 31, 2016                                  /S/
                                                 PAULA XINIS
                                                 United States District Judge